**Opinion filed December 11, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00202-CR

_____

## JESUSA CORTEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**

**Dawson County, Texas**

**Trial Court Cause No. 09-6942**

## MEMORANDUM OPINION

Pursuant to a plea agreement, Jesusa Cortez pleaded guilty in December 2009 to the first-degree felony offense of possession of four grams or more but less than 200 grams of methamphetamine with the intent to deliver. The trial court deferred a finding of guilt, placed Appellant on deferred adjudication community supervision for a term of ten years, and assessed a fine of $3,500. In April 2014, the State filed a motion to proceed to an adjudication of guilt based upon multiple

alleged violations by Appellant of the terms and conditions of her community supervision.

Appellant requested a contested hearing on the allegations in the State's motion, thereby effectively pleading "not true" to all of the State's allegations. At the hearing, the State presented evidence that supported its allegations. For example, the evidence showed that Appellant used methamphetamine on or about March 24, 2014, and on or about April 1, 2014. After receiving evidence, the trial court found that Appellant had violated the terms and conditions of her community supervision. The trial court adjudicated Appellant guilty of the charged offense, and it assessed Appellant's punishment at confinement for ten years and a fine of $3,500. We modify and dismiss.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the motion to withdraw, the brief, the reporter's record, and the clerk's record, and counsel has advised Appellant of her right to review the record and file a response to counsel's brief. A response has not been filed.[1] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

---

[1]By letter, this court granted Appellant thirty days in which to exercise her right to file a response to counsel's brief.

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support an adjudication order. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *McDonald v. State*, 608 S.W.2d 192, 200 (Tex. Crim. App. 1980); *Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978).

The trial court's judgment appears to contain a typographical error. At the hearing on the State's motion to adjudicate, the trial court stated that it was not going to order Appellant to pay court-appointed attorney's fees. However, the judgment states as follows: "APPOINTMENT OF ATTORNEY FEE: $300.00."[2] The trial court erred if it assessed attorney's fees against Appellant. *See Olivas v. State*, No. 11-14-00075-CR, 2014 WL 4536389 (Tex. App.—Eastland Sept. 11, 2014, no pet.) (mem. op., not designated for publication). Such error does not constitute reversible error, and the proper remedy is to modify the judgment to remove the improperly assessed fees. *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). Accordingly, we modify the trial court's judgment by deleting the following language from the judgment: "APPOINTMENT OF ATTORNEY FEE: $300.00." Based on this modification, the appeal is now frivolous and should be dismissed.

We note that counsel has the responsibility to advise Appellant that she may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and

---

[2]We note that the trial court's original order of deferred adjudication did not include an assessment of attorney's fees. *See Wiley v. State*, 410 S.W.3d 313, 319–21 (Tex. Crim. App. 2013).

judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that she may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The judgment is modified; the motion to withdraw is granted; and the appeal is dismissed.

PER CURIAM

December 11, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.